# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 16-989V

(Not to be Published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| KAMESHWAR RAO S. AYYASOLLA, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | Dated: January 11, 2022 |
| v. | * | |
| | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

*Robert J. Krakow*, Law Office of Robert Krakow, P.C., New York, NY, for Petitioner.

*Nina Ren*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART INTERIM AWARD
OF ATTORNEY'S FEES AND COSTS[1]**

On August 11, 2016, Kameshwar Rao S. Ayyasolla filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he had experienced Guillain Barré syndrome ("GBS") due to the administration of the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Tetanus Diptheria acellular-Pertussis ("TDaP") vaccine on August 12, 2013. Petition at 1 (ECF No. 1). The matter is still pending and undecided.

Petitioner has now filed a motion for an interim award of attorney's fees and costs—the first request for fees since the case was initiated. Motion, dated Nov. 2, 2021 (ECF No. 91) ("Interim Fees Mot."). Petitioner specifically requests $130,349.50 in fees for the work of his attorney, Mr. Robert Krakow, and paralegals. *Id.* at 4, 12. Work began on this matter about five and a half years ago, and the billing invoices cover from before the claim's filing to November 2, 2021 (when the interim fees request was filed). Petitioner also seeks $32,161.68 for costs, largely including expert report preparation. *Id.* at 4. Respondent reacted to the interim fees request on November 3, 2021. *See* Response, dated Nov. 3, 2021 (ECF No. 92) ("Response"). Respondent requests I apply discretion in determining whether this case was filed and proceeded with a reasonable basis, and also exercise my discretion in the amount of any fees award. *Id.* at 3. Petitioner replied the same day as Respondent's reactive brief, relying on arguments set forth in his previous motion. Reply, dated Nov. 3, 2021 (ECF No. 93) ("Reply").

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding fees and costs in the total amount of **$83,036.93** reflecting $65,174.75 in attorney's fees and $17,862.18 in costs. I defer resolution of the unawarded portions of fees and costs (the latter of which are solely expert costs) to the end of the proceeding, for the reasons set forth below.

## ANALYSIS

**I.        Petitioner's Claim Has Reasonable Basis At Present**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to *successful* petitioners, a special master *may* also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, reasonable basis is only a threshold requirement in unsuccessful cases; the fact that a petitioner can meet the fairly-light evidentiary requirement to show reasonable basis does not *obligate* a special master to award fees, and the calculation of the sum to be awarded is otherwise subject to the same reasonableness standards governing all fees determinations.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim* itself—counsel's conduct in prosecuting the claim is

irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what was learned about the evidentiary support for the claim as the matter progressed. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3]

As Petitioner correctly notes, the issue of reasonable basis has not been directly raised, or challenged, by Respondent. Interim Fees Mot. at 10–11; Response at 3. Nevertheless, and concurrent with my obligation to award only reasonable fees in any case, it falls to me to evaluate whether reasonable basis exists regardless of whether Respondent addresses the matter (and indeed—just as I can make *sua sponte* changes to fees despite Respondent's failure to raise an objection, I am empowered to decide reasonable basis similarly).

In this case, I have some concerns about the claim's ultimate viability. In particular, it appears from review of the docket that Petitioner and his expert devoted three years to substantiating a causal theory, autoimmune/inflammatory syndrome induced by adjuvants that has been widely discredited as reliable in the Program. *Pearson v Sec'y of Health & Hum. Servs.*, No. 17-489V, 2019 WL 1150044 (Fed. Cl. Spec. Mstr. Feb. 7, 2019); *Garner v. Sec'y of Health & Hum. Servs.*, No. 15-063V, 2017 WL 1713184 (Fed Cl. Spec. Mstr. Mar. 24, 2017), *mot. for review denied*, 133 Fed. Cl. 140 (July 31, 2017). Indeed, after the filing of the first two expert reports, Petitioner opted to "modify" his causation theory by adding molecular mimicry as an alternative causal explanation after Respondent objected to the plausibility of a solely "aluminum adjuvant" theory. ECF No. 59. Far too much attorney time has been spent on a claim whose success reasonably appears in doubt.

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

At the same time, however, I am mindful of the extremely low evidentiary bar that petitioners need to satisfy to establish reasonable basis—and that satisfaction of this standard is not congruent with determination of the claim's ultimate merits. Petitioner can show not only receipt of the vaccine at issue, but also that he suffered the injury in question (GBS), as well as an onset consistent with *different* vaccines believed to be occasionally causal, like the influenza vaccine. This is certainly more than a "scintilla." I also note that I was only assigned this case a year ago, and am therefore loathe to substitute my judgment for whether all time spent on a matter like this was properly committed (especially since I have not yet even decided entitlement).

For those reasons, I will permit an interim award herein. I admonish Petitioner, however, that I will allow *no* fees to be awarded for any future work on this matter (including appellate efforts) until the case is fully concluded—and I reserve the right to later determine that such future work is in service of a claim that *lacks* reasonable basis, depending on how entitlement is resolved. *Miller v. Sec'y of Health & Hum. Servs.*, No. 13-914V, 2016 WL 2586700, at *6 (Fed. Cl. Spec. Mstr. Apr. 12, 2016) (reasonable basis can be lost while a case is pending).

**II.    Calculation of Fees**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

| Attorney | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| **Mr. Robert Krakow, Esq.** | $425.00 | $435.00 | $450.00 | $464.00 | $484.00 | $509.00 |
| **Paralegal** | $125.00 | $140.00 | $150.00 | $156.00 | $163.00 | $172.00 |

Interim Fees Mot. at 12.

Mr. Krakow practices in New York City—a jurisdiction that has been deemed "in forum." Accordingly, he and his paralegal are entitled to the rates established in *McCulloch*. *See Kong v. Sec'y of Health & Hum. Servs.*, No. 14-145V, 2017 WL 2927304, at *1 (Fed. Cl. Spec. Mstr. June 6, 2017) (finding New York, New York to be an "in forum" jurisdiction). The rates requested for Mr. Krakow are also consistent with what has previously been awarded for his time, in accordance with the Office of Special Masters' fee schedule.[4] *Blevins v. Sec'y of Health & Hum. Servs.*, No. 17-1161V, 2021 WL 2768309 at *2 (Fed. Cl. Spec. Mstr. June 3, 2021). I thus find no cause to reduce them in this instance.

As already noted, it appears the amount of time that has been devoted to this case is excessive—especially since Petitioner's expert opted to consider an alternative theory mid-stream. But some of the work performed on this matter was associated with the briefing of the ruling on the record, which in my judgment is the best means for adjudicating the claim. And my assessment of whether time spent on the matter as an *overall* basis was reasonable depends in part on how the claim is ultimately resolved.

In light of the above (and concurrent with my discretion—which permits me to deny interim fee awards outright, even where reasonable basis has been fully established), I will at this time award only **50 percent** of all time billed on the matter to date, or $65,174.75 (with no other adjustments to the time billed to date in prosecuting the claim). I will not disallow the remainder, but merely defer its award until the end of the case. At that time—after I have decided entitlement, and thus better understand the claim, and after any ensuing appeals or final work on the matter are completed—I will revisit whether the unawarded time should be granted. This resolution does not deprive Petitioner of all fees for the many years of work put into the case—but also takes into account my reservations about the claim's substance (a different—and more important—issue than reasonable basis).

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed.

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $32,161.68 in costs, mostly for expert fees, along with medical records, shipping, postage, and filing fees. Interim Fees Motion at 17. His expert is Dr. Lawrence Steinman, who frequently works in the Program, and who requests an hourly rate of $550.00 per hour for 52.5 hours of work totaling $28,875.00[5]. *Id.* at 17–18. Dr. Steinman has been awarded this hourly rate before—although the total amount of time spent on this matter seems excessive, especially given my concerns about time spent on a now-abandoned causation theory.

Consistent with my handling of fees in this case, I will at this time only award 50 percent of Dr. Steinman's time, or $14,437.50, deferring award of the remainder to the end of the case. By contrast, the costs for medical records, shipping, postage, and filing fees are reasonable and should not be deducted, and will therefore be awarded in full, $3,424.68.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Interim Motion for Attorney's Fees and Costs, awarding a total of **$83,036.93**, reflecting $65,174.75 in attorney's fees and $17,862.18 in costs, in the form of a check made jointly payable to Petitioner and his attorney Mr. Robert Krakow. I defer awarding the remaining fees and costs ($79,612.25) until the end of the matter.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Petitioner in the Motion for Interim Fee's only requested $28,737.00 based upon Dr. Steinman's calculations in the invoice (ECF No. 91-5), however based upon the 52.5 hours of work at $550.00/hour the total should be $28,875.00.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.