# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-989V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
K.A.,                               *        Chief Special Master Corcoran
               Petitioner,          *
                                    *
        v.                          *        Filed: October 24, 2022
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
               Respondent.          *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert Joel Krakow,* Law Office of Robert J. Krakow, P.C., New York, NY, Petitioner.

*Nina Ren,* U.S. Dep't of Justice, Washington, DC, Respondent.

### ORDER GRANTING IN PART MOTION TO REDACT[1]

On August 11, 2016, K.A. filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he experienced Guillain Barré syndrome due to the administration of a Tetanus Diphtheria acellular-Pertussis vaccine on August 12, 2013. Petition at 1 (ECF No. 1).

I denied entitlement on April 18, 2022 (Decision, dated Apr. 18, 2022 (ECF No. 98) (the "Decision")), and Petitioner's subsequent motion for review has been denied. Before the adjudication of the Motion for Review, however, Petitioner requested, pursuant to Vaccine Rule

---

[1] Although I have not formally designated this Order for "publication," it will nevertheless be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

18(b), "redaction of certain private medical information by substituting 'John Doe' for his name in the Decision's caption and redacting his name from the text of the Decision in order to avoid disclosure of highly personal medical and related information." Motion, dated May 2, 2022 (ECF No. 99) ("Motion") at 2. Respondent reacted to Petitioner's motion, citing some relevant law but taking no position as to whether the redaction was appropriate or not, and thus deferring resolution of the matter to my judgment. Response, dated May 5, 2022 (ECF No. 100), at 5.

For the reasons stated below, I hereby grant Petitioner's Motion in part and deny in part.

## ANALYSIS

Respondent's filing in response to the redaction motion references the proper standards to be applied in weighing redaction requests, based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. CL. 440, 456–57 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Hum. Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. den'd on non-relevant grounds*, 109 Fed. Cl. 421 (2013). I have in other decisions reviewed the Vaccine Act's treatment of requests to redact Program decisions and rulings, as reflected in *W.C.* and *Langland*. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11387761, at *2–4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b).

The Act provides for redaction from published decisions of certain categories of information—"medical files and similar files"—but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*, 100 Fed. Cl. at 460–61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Hum. Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7–8 (Petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460–61; *K.L.*, 2015 WL 11387761, at *2–3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made, without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L.*

2

*v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting Petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

In the present matter, I find that Petitioner has sufficiently justified redaction of the Decision to reference his name by initials only, but that he has not provided persuasive justification for substituting "John Doe" for his name. As noted above, the relief Petitioner requests is the redaction of *any* information contained within the case file that could link his identity to personal medical information, but he does not provide specific justification as to why such an extensive redaction is necessary. Rather, he merely recites the statutory provision under which petitioners may seek redaction. Motion. Such a request—which essentially seeks complete erasure of the matter's existence—is overinclusive, and Petitioner has failed to establish why such broad measures are necessary. The use of "John Doe," moreover, imposes unreasonable burdens on the Court, by running the risk of confusion in referencing this matter and its disposition in other contexts.

Redacting Petitioner's name to his initials, however, is more narrowly tailored and will reasonably protect the unwanted disclosure. Petitioner has justified this level of redaction; he works as a medical researcher and instructor in research design and has done so for the last twenty-five years, and thus reasonably desires some protection from disclosure of this matter given his professional interests and work. Motion at 2–3. This is consistent with controlling bases for redaction, and makes more of a case for it than any claimant's general desire for privacy. *See* K.L., 2015 WL 11882259 at *1 (redacting decision where petitioner asserted disclosure of her medical condition would cause her harm in the employment context). Accordingly, I will grant Petitioner's Motion in part, allowing for the redaction of his name from the Decision, and will similarly redact the case caption and refer to Petitioner as K.A.

## CONCLUSION

For the reasons set forth above, I hereby **GRANT IN PART AND DENY IN PART** Petitioner's motion. The Clerk of this Court is hereby instructed to change the caption of the case the that set forth above. In addition, on or before November 4, 2022, Petitioner shall file a copy of my Decision redacting all prior references to his name to his initials, and it shall thereafter be substituted for the earlier-filed version.

IT IS SO ORDERED.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master