# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-989V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
K.A.,                                     *
                                          *
                    Petitioner,           *        Chief Special Master Corcoran
                                          *
        v.                                *        Filed:  January 28, 2025
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
                    Respondent.           *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Nina Ren*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 11, 2016, K.A. filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he had experienced Guillain Barré syndrome ("GBS") due to the administration of the Tetanus-Diphtheria-acellular-Pertussis ("TDaP") vaccine on August 12, 2013. Petition (ECF No. 1) at 1. A decision denying entitlement was entered on April 18, 2022. *See* Decision, dated Apr. 18, 2022 (ECF No. 98) ("Decision"). Petitioner moved for review of my decision (ECF No. 101), but the motion was denied. Judge Vaccine Opinion, dated Oct. 17, 2022 (ECF No. 111). His subsequent appeal to the Federal Circuit was also unsuccessful. Mandate of CAFC, dated June 28, 2024 (ECF No. 124).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner previously obtained an interim award of attorney's fees and costs in January 2022 (although resolution of 50 percent of fees and expert associated costs were deferred until the case's final completion). Decision—Interim Attorney's Fees and Costs, dated Jan. 11, 2022 (ECF No. 94) ("Interim Fees Decision"). Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Dec. 31, 2024 (ECF No. 126) ("Final Fees Mot."). Petitioner now requests a total of $268,154.63,[3] reflecting $242,175.05 in additional fees incurred for the services of Mr. Krakow and his associates, plus $25,979.50 in costs (as well as the amounts requested in 2022 as part of the interim request). Final Fees Mot. at 37. Respondent reacted to the fees request on January 2, 2025. *See* Response, dated Jan. 2, 2025 (ECF No. 127) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an interim award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Resp. at 2, 5. Petitioner filed a reply, maintaining his position and requesting that he be awarded the requested fees and costs as indicated. Reply, dated Jan. 3, 2025 (ECF No. 128).

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses.

---

[3] The total amount requested for attorney's fees and costs includes a slight mathematical error. Petitioner's Motion requests a total of $268,154.63, but the correct amount is **$268,154.55**.

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

As noted above, Petitioner was permitted interim fees and costs in this matter, thus implicitly suggesting the claim possessed reasonable basis as of at least that prior date. Although Petitioner's claim was ultimately unsuccessful, I still find that some objective evidence supported the claim. As a threshold issue, the GBS diagnosis was not disputed. Moreover, Petitioner's onset occurred in a reasonable timeframe from vaccination, and the competing GBS explanation provided by the intercurrent infection presented a difficult-to-resolve question that was fairly contested. I also acknowledge the fact that this kind of claim is often compensated (although I wholly reject the logic behind the determination that a tetanus-containing vaccine can cause GBS, as explained in my underlying decision). A claimant should not be penalized from a fees standpoint under such circumstances. Accordingly (and although the magnitude of fees sought for a case that was unsuccessful and that involved two unavailing appeals is quite high), and given my awareness that the bar for reasonable basis is set quite low, I will allow a final fees award herein (and it will include the sums previously requested).

## II.    Calculation of Fees

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| **Robert Krakow (Attorney)** | $509.00 | $525.00 | $553.00 | $584.00 |
| **Elan Gerstmann (Attorney)** | -- | $497.00 | -- | $545.00 |
| **Paralegal** | $172.00 | $177.00 | $186.00 | $197.00 |

Final Fees Mot. at 24.

Messrs. Krakow and Gerstmann practice in New York, NY—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *Kong v. Sec'y of Health & Hum. Servs.*, No. 14-145V, 2017 WL 2927304, at *1 (Fed. Cl. Spec. Mstr. June 6, 2017). The rates requested (including for the paralegal) are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee scheduled.[6] *See Alonzo v. Sec'y of Health & Hum. Servs.*, No. 18-1157V, 2024 WL 4678198, at *2 (Fed. Cl. Spec. Mstr. Oct. 10, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, given that I have found the matter to have been reasonably contested. I will therefore award all fees requested without adjustment.

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 28, 2025).

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $25,979.50 in outstanding attorney's costs, including the Federal Circuit filing fee, mailing costs, costs associated with travel and appellate material preparation, as well as the remaining costs associated with expert, Dr. Lawrence Steinman. Final Fees Mot. at 36–37; ECF No. 126-3 at 1. I find the total hours expended for Dr. Steinman's work generally reasonable, and therefore will compensate them in full. All other remaining requested costs in this matter are commonly incurred in the Vaccine Program and are reasonable herein.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$268,154.55**, reflecting $242,175.05 in attorney's fees and $25,979.50 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.